Vacated by Supreme Court, filed January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4142

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN WILBERT POWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:04-cr-356-F)

Submitted: April 18, 2007          Decided: May 7, 2007

Before WILKINS, Chief Judge, and WILKINSON and NIEMEYER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Susan L. Ferguson, CRIMINAL DEFENSE ASSOCIATES, Woodland Hills, California, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Powell was convicted on five counts charging him with (1) possession with intent to distribute 50 grams or more of crack cocaine and an unspecified amount of cocaine powder; (2) conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and an unspecified amount of cocaine powder; (3) possession with intent to distribute marijuana; (4) using, carrying, or possessing a firearm during a drug trafficking crime; and (5) possession of a firearm by a felon. Based on drug quantities detailed in the presentence report, the Sentencing Guidelines recommended a sentence for each of Counts 1 and 2 in the range of 292 to 365 months' imprisonment. The Sentencing Guidelines also recommended a sentence of 60 months' imprisonment on Count 3; a mandatory consecutive sentence of 60 months on Count 4; and a sentence of 120 months on Count 5. The district court grouped the sentences on Counts 1 and 2, and, at the request of the government, imposed a variance sentence of 240 months' imprisonment for those counts. It also imposed a 60 month consecutive sentence for the conviction on Count 4, for a total of 300 months' imprisonment. It imposed the sentences recommended in the presentence report on Counts 3 and 5, to run concurrently with the sentences imposed on Counts 1, 2, and 4.

Powell challenges his 300-month total sentence, contending that (1) the district court's finding of drug quantities was

unsupported by the evidence, and (2) the Sentencing Guidelines' 100 to 1 ratio of punishment for crack cocaine and cocaine powder is unreasonable. Finding no error, we affirm.

The presentence report recommended finding that the conspiracy involved 18.4034 kilograms of crack cocaine, 21.09 kilograms of cocaine powder, and 3.7755 kilograms of marijuana. The district court adopted these recommendations as findings, concluding that these quantities were supported by the evidence at trial. We readily conclude that the district court's findings were not clearly erroneous.

First, pursuant to a search warrant, police seized from Powell's residence 126 grams of crack cocaine, 239.3 grams of cocaine powder, and 1053.9 grams of marijuana. In addition, Powell's co-conspirator testified at trial that after some preliminary dealings with Powell involving, conservatively, 12 ounces of cocaine powder and 4 ounces of crack cocaine and then later 250 grams of cocaine powder and 250 of crack cocaine, Powell began dealing in large quantities of both crack cocaine and cocaine powder. He testified that Powell received "at least" one kilogram of cocaine each week during the period from August 2002 until May 2003, and each week he cooked from one-half kilogram to one kilogram into crack. This evidence amply supports the district court's finding of drug quantities. Moreover, we note that the court's finding that the conspiracy involved 18.4

kilograms of crack cocaine is more than <u>ten times</u> the amount (1.5 kilograms of crack) required to support the 292-365 month sentencing range recommended by the presentence report. And this does not even take into account the cocaine powder and marijuana involved in the conspiracy.

In addition, the district court imposed a variance sentence on Counts 1 and 2 that was substantially lower than the bottom of the recommended range -- over 50 months lower. This was generous to Powell in view of the large quantities of drugs involved.

We reject Powell's challenge of the 100 to 1 ratio of punishment provided in the Sentencing Guidelines for crack cocaine and cocaine powder, based on our previous, controlling authority. See <u>United States v. Eura</u>, 440 F.3d 625, 633-34 (4th Cir. 2006).[*]

Accordingly, the sentence of the district court is

<u>AFFIRMED</u>.

---

[*]Powell filed a motion to supplement the record to demonstrate that he had raised this issue below, preserving it for appeal. We grant that motion.