**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4607**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MARVIN WILBERT POWELL,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:04-cr-00356-F-1)

Submitted: April 30, 2009        Decided: June 19, 2009

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. George E. B. Holding, Acting United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Marvin Powell was convicted of: (1) aiding and abetting another in possessing with intent to distribute fifty grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count One); (2) conspiracy to possess with intent to distribute fifty grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 846 (2006) (Count Two); (3) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Three); (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) (Count Four); and (5) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) (2006), 924 (2006) (Count Five). On appeal, Powell argues his sentence is unreasonable in light of the sentence a co-defendant received and the sentences other similarly situated defendants have received in this circuit. We affirm.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, we must first ensure that the district court committed no procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the

2

§ 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range. Gall v. United States, 128 S. Ct. 586, 597 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. A substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted). While we may presume a sentence within the guidelines range to be reasonable, we may not presume a sentence outside the range to be unreasonable. Id. Even if the reviewing court would have reached a different result, this fact alone is insufficient to justify reversal of the district court. Id. at 474.

Powell's claim that his sentence is unreasonable because it fails to consider the disparity between his sentence and that of a co-defendant is without merit. Many valid factors can result in the imposition of different sentences among co-defendants. Here, for example, Powell's co-defendant pled guilty and cooperated with the Government. See United States v. Abu Ali, 528 F.3d 210, 264 (4th Cir. 2008). Therefore, the district court did not abuse its discretion in rejecting this argument.

3

Next, Powell's claim that his sentence is unreasonable in light of sentences other similarly situated defendants have received is raised for the first time on appeal and is, therefore, subject to plain error review. Plain error requires Powell to establish that: (1) there was error; (2) the error was "plain;" and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if he makes this showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals." Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985) (internal quotations omitted)). We have reviewed the record and the briefs submitted by the parties and determine that Powell fails to establish plain error. The record does not indicate any significant procedural error committed by the district court in sentencing Powell, and we find his sentence is substantively reasonable.

Accordingly, we deny Powell's motion to supplement his brief and affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4