**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-6232

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARVIN WILBERT POWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:04-cr-00356-F-1; 5:10-cv-00445-F)

Argued:  December 9, 2016                                      Decided:  March 1, 2017

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Affirmed by published opinion.  Judge Niemeyer wrote the opinion, in which Judge Wilkinson and Judge Diaz joined.

**ARGUED**: Richard Clarke Speaks, SPEAKS LAW FIRM, Wilmington, North Carolina, for Appellant.  Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF**: John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

NIEMEYER, Circuit Judge:

Marvin W. Powell was convicted of federal drug and firearms offenses and sentenced to 300 months' imprisonment, and his conviction and sentence were affirmed on direct review. Powell then filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence on numerous grounds, most of which were based on his claim that his trial counsel provided him with ineffective assistance, violating his Sixth Amendment right to counsel. As to the specific claim of ineffective assistance at issue here, he alleged that his counsel's performance was deficient because she failed to bring to the attention of the trial court the fact that, before the trial began, a member of the jury approached Powell's father while entering the courthouse and told him that "everything would be alright" and that he needed to give his son "a good kick in the butt," thereby allegedly demonstrating bias against Powell.

The district court denied Powell's § 2255 motion, and we affirm. Because the juror's alleged statement did not sufficiently indicate actual bias against Powell but was instead ambiguous, we conclude that his counsel's response fell within the range of competent representation required by the Sixth Amendment.

I

After a three-day trial in June 2005, a jury convicted Powell of (1) possessing with the intent to distribute 50 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) participating in a conspiracy to possess with the intent to distribute more than 50 grams of cocaine base and a quantity of

2

cocaine, in violation of 21 U.S.C. § 846; (3) possessing with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); (4) possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (5) possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Imposing a downward variance sentence, the district court sentenced Powell to 300 months' imprisonment.[1] On appeal, we affirmed. *United States v. Powell*, 225 F. App'x 138 (4th Cir. 2007) (per curiam). The Supreme Court, however, vacated our judgment and remanded for further consideration in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). *See Powell v. United States*, 552 U.S. 1091 (2008) (mem.). On remand, the district court imposed the same term of imprisonment at Powell's resentencing. On appeal, we rejected Powell's challenge to the substantive reasonableness of his sentence and again affirmed. *United States v. Powell*, 330 F. App'x 433 (4th Cir. 2009) (per curiam). The Supreme Court denied Powell's second petition for certiorari in October 2009. *Powell v. United States*, 558 U.S. 976 (2009) (mem.).

In his *pro se* § 2255 motion, Powell raised 16 different challenges to his conviction and sentence, many of which were premised on his trial counsel's allegedly ineffective assistance. In one of these claims, Powell alleged that his trial counsel provided ineffective assistance because she failed to attempt to have a biased juror

---

[1] After Powell filed his notice of appeal in this § 2255 case, the district court granted Powell's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), reducing his term of imprisonment from 300 months to 295 months.

removed.  In support of this claim, he submitted his own affidavit, as well as one from his father, which detailed an interaction between his father and the juror on June 17, 2005, after the jury had been selected but before the trial had begun.

In his affidavit, Powell stated that as he and his father were entering the courthouse, he held the door open for his father and a woman behind him.  While Powell was collecting his belongings from the x-ray machine, he "overheard [the] woman telling [his] father that he should give [Powell] a good kick in the butt."  According to Powell, when he later asked his father in private what he and the woman had been talking about, his father stated that the woman had "just [come] up to him" to ask if Powell was his son and then stated that "he needed to give [Powell] a good kick in the butt."

The affidavit from Powell's father provided a consistent but fuller account.  It stated:

> [A]fter entering the federal courthouse . . . I was approached by a woman whom my son had also held the door for when we were entering the courthouse and she asked me if Marvin was my son, to which I said yes. *She then told me that everything would be alright and that I needed to give my son a good kick in the butt.*  I really didn't know what to think of such a comment but I hoped that she was just joking though neither of us laughed before we parted ways.  My son asked me what me and the lady had been talking about and I told him.

(Emphasis added).

According to both Powell and his father, they realized shortly thereafter that the woman was a member of the jury.  Powell indicated that "[h]er comment [began] to trouble me so I told my attorney about it," and his father similarly related how Powell decided to tell his attorney about it because "he thought the comment to be strange."

4

Powell's trial counsel, Bridgett Britt Aguirre, "listened to [Powell's] father detail the encounter," but as soon as he finished telling her about the incident, the trial started, and Aguirre turned her attention to the proceedings. Powell stated that when he later pointed the juror out to Aguirre while the juror was in the jury box, Aguirre told him the juror's name. This was the last conversation they had relating to the subject.

In his § 2255 motion, Powell argued that the juror's statement to his father "implied that she harbored a preconceived notion that [he] was guilty" and that his counsel's failure to bring this to the court's attention amounted to ineffective assistance of counsel. Powell argued that if his counsel had brought the incident to the attention of the court, the court could have either followed up by inquiring whether the juror would follow the court's instructions on the law and suspend judgment until after she had heard all of the evidence, or removed the juror and replaced her with an alternate.

After appointing counsel to represent Powell on his § 2255 motion, the district court issued an order dated December 16, 2014, concluding that Powell was not entitled to relief and stating, with respect to the claim at issue here, that Powell had failed to sufficiently allege an ineffective-assistance claim.

From the district court's denial of his § 2255 motion, Powell filed this appeal. By order dated July 31, 2015, we granted Powell a certificate of appealability "on the issue of whether Powell's trial counsel was ineffective for failing to raise an objection based on

5

juror bias," and we appointed Richard Clarke Speaks, Esquire, to represent him in this appeal.[2]

## II

Powell contends that the juror's statement "indicated a clear and unmistakable bias against [him] before the first piece of evidence was even presented at trial," yet "trial counsel neglected to make any sort of motion, objection, or even inform the District Court of this matter." This inaction, Powell asserts, prevented the court from asking the juror about the incident and assessing her ability to determine guilt or innocence based solely on the evidence. Accordingly, he concludes, counsel's representation of Powell was ineffective, falling below an objective standard of reasonableness. He also contends that he suffered prejudice as a result of counsel's deficient performance inasmuch as the juror's "continued presence on the jury violated his Sixth Amendment right to a fair trial by a panel of impartial jurors."

The government contends that "[a]lthough such comments (if made) would be regrettable, they did not show that [the juror] had made up her mind as to Powell's guilt or innocence or that [she] would not be able to evaluate the evidence independently and impartially." It argues that the statement itself would not have warranted the removal of the juror and therefore that counsel was not ineffective for failing to present the issue to the court.

---

[2] We are grateful for Mr. Speaks' representation of Powell, which has been an important service to both Powell and the court.

The governing principles are well established.  To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must prove (1) "that [his] counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To demonstrate deficient performance, "the defendant must show that [his] counsel's representation fell below an objective standard of reasonableness," as measured by "prevailing professional norms." *Id.* at 688.  This is a high bar because it "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential," as it would be "all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. Rather, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*  At bottom, "the defendant must overcome" "a strong presumption that [his] counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.*

The Sixth Amendment also guarantees to criminal defendants "the right to a . . . trial[] by an impartial jury."  U.S. Const. amend. VI.  And to be impartial, a jury must be "capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips*, 455 U.S. 209, 217 (1982).  Jurors are "presumed to be impartial," however, "absent indications to the contrary." *Wells v. Murray*, 831 F.2d 468, 472 (4th Cir. 1987).

7

Moreover, the requirement of impartiality does not mean that jurors need to be "totally ignorant of the facts and issues involved." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). Thus, for example, in the context of pretrial publicity, "the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is [not] sufficient to rebut the presumption of a prospective juror's impartiality." *Id.* at 723. Reduced to its essentials, the inquiry is whether "the juror can lay aside [her] impression or opinion and render a verdict based on the evidence presented in court." *Id.*

The question in this case is therefore whether the juror's statement to Powell's father indicated that the juror was biased and unable to decide the case solely on the evidence and, in turn, whether counsel's failure to bring the statement to the attention of the court amounted to constitutionally deficient representation.

According to the affidavit submitted by Powell's father, who was the person to whom the juror addressed her statement, the juror told him "that everything would be alright and that [he] needed to give [his] son a good kick in the butt." The meaning of this statement is far from clear. Upon hearing of such a statement, a reasonable lawyer in trial counsel's position might have understood (1) that the juror may have prejudged the case at least to the extent that she thought that Powell needed a "good kick in the butt"; or (2) that the juror, when stating that "everything would be alright," was reassuring Powell's father that she was predisposed towards Powell and felt content to leave any punishment that might be needed in the hands of Powell's father. Moreover, a reasonable lawyer could conclude that the statement was so ambiguous that it could not be taken as indicating that the juror was actually incapable or unwilling to base a verdict solely on

8

the evidence presented at trial. A reasonable lawyer might therefore be concerned that if she brought the statement to the attention of the court, the court would not be inclined to remove the juror from the jury because actual bias had not been demonstrated and that the mere act of inquiring about the statement might risk alienating the juror. We conclude that given the ambiguous content of the juror's statement and the potential consequences of pursuing it with the court, a reasonable lawyer could have concluded that her client's interests were best served by keeping mum.

Moreover, it is telling that in relating the incident later, neither Powell nor his father described feeling particularly panicked or alarmed when they realized that the woman who had made the odd comment was a member of Powell's jury. Rather, Powell stated only that "her comment began to trouble me, so I told my attorney about it." He later pointed the woman out to his attorney in the jury box but then decided to let the matter drop. Similarly, his father recalled Powell saying only that "he thought the comment to be strange." These reactions immediately after the statement was made indicate that, regardless of how the juror's words could be taken, Powell and his father did not, at the time, take the statement as "indicating a clear and unmistakable bias against" Powell, as he now claims.

Ultimately, what the record suggests is that Powell's trial counsel was not sure what significance, if any, the ambiguous statement had and accordingly let it drop as trial began. To be sure, as an officer of the court, it might have been more prudent for counsel to have reported the statement to the court. But counsel's failure to pursue the issue was not so problematic as to make her performance constitutionally deficient.

9

We therefore conclude, crediting Powell's allegations of fact regarding the juror's comment to his father, that Powell has failed to overcome the "strong presumption" that his counsel's performance fell "within the wide range of reasonable professional assistance," as required for an ineffective-assistance claim. *Strickland*, 466 U.S. at 689. Accordingly, we affirm the district court's order denying Powell's motion for relief under § 2255.

AFFIRMED